UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRELL DASHUN SUTHERLAND,<br><br>     Plaintiff,<br><br>     v.<br><br>CAROL COLVIN, Acting Commissioner of Social Security,<br><br>     Defendant. | Case No. 2:24-cv-01908-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Brief seeking an Order reversing and remanding the final decision of the Commissioner of Social Security (the "Commissioner"). ECF No. 9. The Court reviewed all submissions related to this Brief and finds as follows.

**I.   Background**

This case arises under the Social Security Act, Title II.  Plaintiff filed an application for a period of disability and disability insurance benefits on February 9, 2023, alleging disability commencing October 1, 2022.  Administrative Record ("AR") 170-71.  The Commissioner denied the claim by initial determination on April 1, 2023.  AR 73-77.  Plaintiff requested reconsideration on May 30, 2023, which was denied on August 15, 2023.  AR 78-82.  Plaintiff requested a de novo hearing before an Administrative Law Judge on August 16, 2023, which occurred on June 25, 2024.  AR 83-84, AR 33-53.  On August 9, 2024, the Administrative Law Judge ("ALJ") published her decision finding Plaintiff was not disabled.  AR 4-17.  Plaintiff requested that the Appeals Council review the ALJ's decision on August 15, 2024.  AR 167-69.  The Appeals Council denied the request for review on August 28, 2024.  AR 25-27.  On that date, the ALJ's decision became the final decision of the Commissioner under 42 U.S.C. § 405(h) and this civil action followed.

**II.   Standard of Review**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). Finally, the court may not reverse an ALJ's decision on account of an error that is harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

To establish whether a claimant is disabled under the Act, there must be substantial evidence that:

> (a)     the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b)     the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one

through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

> The five steps include:
>
> Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).
>
> Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

*Id*. at 1098-99 (internal alterations omitted).

**III.    Discussion**

    A.    <u>Summary of Arguments</u>.

There is no dispute that the ALJ followed the five step sequential process when deciding whether Plaintiff is disabled under the Social Security Act. There is also no dispute regarding the ALJ's findings except with respect to her review and treatment of Plaintiff's testimony. That is,

3

Plaintiff's sole contention in this case alleges the ALJ failed to articulate clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's testimony regarding his pain, symptoms, and level of limitation. Plaintiff analyzes various portions of the ALJ's decision and then repeated contends the ALJ failed to specify what pain and limitation testimony given by Plaintiff she found not credible. Plaintiff further argues the ALJ's findings were internally inconsistent and her recitation of medical evidence is not specific, clear and convincing reasons for rejecting Plaintiff's testimony. Finally, Plaintiff says the ALJ could not reject his testimony regarding subjective complaints based solely on the lack of medical evidence to fully corroborate the alleged severity of his symptoms.

Despite contending the ALJ based her decision solely on the lack of medical evidence to support Plaintiff's testimony, Plaintiff also discusses the ALJ's finding regarding his daily activities. Plaintiff admits the ALJ based her decision, at least in part, on Plaintiff's daily activities (thus, providing a basis in addition to medical evidence to discount Plaintiff's testimony), but says the ALJ did not explain how Plaintiff's activities were inconsistent with his testimony.

The Commissioner argues the Commissioner provided sufficiently specific and substantial reasons for discounting Plaintiff's testimony. The Commissioner points to the inconsistencies between medical evidence and Plaintiff's testimony, which the ALJ summarized on various pages of her decision. The Commissioner also avers the ALJ found Plaintiff received mostly routine, conservative and non-emergency treatment for his medical issues. Finally, the Commissioner argues Plaintiff does not dispute the ALJ's characterization of Plaintiff's treatment history; rather, Plaintiff takes a different view of the evidence. The Commissioner says the Court is not asked to reweigh evidence, but to decide if there is substantial evidence to support the ALJ's determination.[1]

B.  Plaintiff's Testimony.

Plaintiff testified to:

1. Having difficulty driving because of his "fibros is severely bad" requiring him to leave extra early for medical appointments (AR 38);

---

[1] The Court notes Plaintiff did not file a Reply in response to the Commissioner's Brief.

4

2. He is a 100% disabled military veteran who deployed in 2020, but was "recalled back because of … a mental break" (AR 39, 41);

3. A disability rating from the VA based on PTSD, ADHD, eczema, and two kinds of lupus (AR 41);

4. Seeing a psychiatrist once a week, no group therapy, and taking medications that help to a certain degree (AR 41-42);

5. Looking for work but not finding any jobs (AR 39-40);

6. Obtaining his bachelor's degree starting in November 2022, and finishing in November 2023, doing all the work on-line, taking one class at a time, and having "just a little reading issue, … but … [getting] through it" (AR 40);

7. Having flashbacks "every night" and medication for sleeping, which does not really help. He sleeps maybe four to six hours a night (AR 42);

8. Having a therapy dog (he calls his puppy), which he must have to sleep (*id.*);

9. Having problems standing for more than 15 minutes at a time. If he stands for more than 15 minutes he will lean on something (AR 42-43);

10. Walking, but no "long distances" (AR 43);

11. Not having a cane, but if one was offered by the VA he would "definitely take it" (*id.*);

12. Being able to sit for 10 to 15 minutes, after which he must stand up for a "little bit" (*id.*);

13. Lifting up to 10 pounds (the size of his dog) (AR 44);

14. Using cream and Plaquenil (Hydroxychloroquine) for his Lupus; however, between the Lupus and fibromyalgia his joints are "extremely … inflamed" two to three times a week; however, he can still stand and walk about 15 minutes at a time (AR 44-45);

15. Not having a daily routine; not watching TV; leaving an hour early for medical appointments because he must stop and rest when driving; taking a "breather" when he arrives at appointments because of his ankles and back; and, after appointments, going home and relaxing (AR 45-46);

16. Taking short naps sometimes—10 to 15 minutes at a time; fixing a sandwich once every other day, not cooking or barbequing; performing "little chores"—picking up where he can—but his wife does most of the chores; running errands for his wife (like picking up mushrooms), but not grocery shopping for more than 10 items (AR 46-47);

17. Needing assistance when showering; needing help getting dressed (AR 47); and

18. Not working out because his "ankles are so … bad," and waiting for shoe inserts that he hopes will help (AR 48).

5

In addition to the above, the Court takes note of the fact that the ALJ references, on five occasions, Plaintiff traveling "to Memphis TN to help care for his father in hospice. AR 8 (two times), 9 (two times), 11 (once). The ALJ cites the record at 7F, p. 17 (AR 1895) for this proposition. However, this entry does not state Plaintiff traveled to care for his father; rather it states he went to "visit his father w/ lung cancer and now on hospice care. He just arrived a couple of days ago and will return when he need to. It is nerve wrecking to see him so fragile. Family have been supportive and know they provide good care for him." *Id.* (internal quote marks omitted).

### C. Analysis.

The ALJ must engage in a two-step analysis when evaluating a plaintiff's testimony concerning pain, symptoms, and level of limitation is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of … [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (internal citation omitted). The Ninth Circuit has recognized that when evaluating a plaintiff's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the plaintiff's complaints. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). An ALJ's finding on this matter must be properly supported by the record and sufficiently specific to demonstrate to a reviewing court that the ALJ did not "arbitrarily discredit" a plaintiff's subjective testimony. *Bunnell*, 947 F.2d at 345-46 (internal citations and quotation marks omitted).

An ALJ properly considers inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and the plaintiff's conduct, daily activities, and work record (if any). *Thomas v. Barnhart*, 278 F.3d 948, 958 (9th Cir. 2002) (citation omitted). A plaintiff's statement about his pain or other symptoms alone will not establish that he is disabled. 20 C.F.R. § 416.929(a)(1); 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be

conclusive evidence of disability."). Ultimately, a plaintiff is not entitled to benefits under the Social Security Act unless the plaintiff is, in fact, disabled, no matter how egregious the ALJ's errors may be. *Strauss v. Comm'r Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Here, the ALJ found Plaintiff's testimony regarding intensity, persistence, and limiting effects of his symptoms were inconsistent with objective medical evidence. AR 11. The ALJ repeats the same set of activities to which Plaintiff stated he engaged multiple times in support of her findings. These include Plaintiff:

> started getting his bachelor's degree in November 2022 he obtained it in November of 2023 with a little trouble getting through the online classes, he fixes himself sandwiches and snacks, does a few chores but his wife does most of it, does a little laundry every once in a while and can do smaller grocery shopping trips, but he needs assistance showering and getting dressed. In function reports, the claimant acknowledged he lives with family, feeds and bathes his dog, has no problem with personal care, prepares meals a few times a month, does laundry, takes out trash, washes dishes, vacuums, drives, can go out alone, uses a computer, shops in stores, online and by mail, manages his finances, goes to church, does activities with WWP, goes to counseling groups and medical appointments, socializes in person, via phone and text and can video chat …. He traveled to Memphis TN to help care for his father in hospice ….

AR 11. *See also* AR 8, 9, 14, and note the erroneous statement regarding Plaintiff's travel to Memphis. The ALJ stated that even if Plaintiff's daily activities were as limited as he contended, "it is difficult to attribute that degree of limitation to the … [Plaintiff's] medical condition[] in view of the relatively benign medical evidence …." AR 11. The ALJ further concluded "[t]hese activities reflect a significant functional capacity and not an individual unable to sustain regular and continuing work due to medically determinable impairments." AR at 12.

The ALJ summarized Plaintiff's medical conditions as consisting of PTSD, depressive disorder with Bruxism, systemic lupus erythematosus ("SLE"), discoid lupus erythematosus, and fibromyalgia. AR 11. Looking at records from the Department of Veteran Affairs the ALJ says are from January 2023, but the Court notes are February 2023 (AR 1708, cited by the ALJ as 5F, at p. 8), the findings regarding Plaintiff's ankles were normal, with flattening of Plaintiff's right foot, but no abnormalities on the left. AR 12. Similar findings were made on page 11 of the same record (AR 1711, cited by the ALJ as *id*. p. 11), which is from January 2023. The ALJ then confusingly concludes, with no citation to the record, "[o]verall longitudinal evidence of record confirms"

7

1   Plaintiff "just [has] not been limited by the symptoms of his conditions to the point of total
2   disability." AR 12. The ALJ next stated, again without citation to the record or indication of a date,
3   that "on this date" there were various findings including that there was "no improvement of …
4   [Plaintiff's SLE] with high dose prednisone" and that Plaintiff's fibromyalgia was "uncontrolled"
5   despite being on maximized EBM therapy with SNRI, Lyrica and Flexiril. AR 12-13. Importantly,
6   the ALJ ties none of her discussion to Plaintiff's testimony; although she does say that all of the
7   medical evidence discussed supports "a limitation to a light exertion." *Id*.

8         The ALJ concluded that "[t]he consistency of … [Plaintiff's] allegations regarding the
9   severity of his symptoms and limitations is diminished because those allegations are greater than
10  expected in light of the objective evidence record." AR 13. The ALJ followed this by very
11  succinctly referencing medical records from March, April, and June 2023, and stating Plaintiff was
12  diagnosed with fibromyalgia in March 2022. *Id*. The ALJ again says nothing about Plaintiff's
13  testimony instead stating, without citation, that fibromyalgia may not account for all of Plaintiff's
14  pain, but the condition causing pain supports "a limitation to no more than frequent climbing,
15  balancing, stooping, kneeling, crouching crawling, handling, and fingering." *Id*.

16        In the very next paragraph of the ALJ's decision, she says: "The … [Plaintiff's] alleged
17  symptoms are just not reasonably consistent with the medical evidence …." *Id*. After summarizing
18  medical reports from 2024 (finding clear lungs, normal gait and posture, no joint abnormality or
19  edema, with symmetric and intact strength and sensation, stable discoid lupus, limited range of
20  motion in his shoulders due to his fibromyalgia, but good grip, full range motion in his hips and no
21  swelling in knees, ankles or MTP row), the ALJ concluded Plaintiff was "likely to have some pain
22  and limitations, [but] the record do[es] not support the extent the … [Plaintiff] has alleged." AR 13-
23  14. The ALJ went on to state Plaintiff had "significant ability to sit, stand, walk, lift, and carry[]
24  based on the objective physical examinations" as discussed immediately above in her report. *Id*.
25  However, nowhere in the ALJ's decision does she recite a medical finding regarding Plaintiff's
26  ability to lift. AR 4-17. With respect to standing and walking, the ALJ cites a single page as stating
27  Plaintiff reported he "was able to stand and walk for prolonged periods without back pain." AR 13
28  *citing* 5F, p. 6, which is AR 1706. However, a review of this record shows that in the "Subjective"

report by Plaintiff, he stated had the "*goals* from physical therapy intervention" of being "able to stand and walk for prolonged periods without back pain." AR 1706 (emphasis added).

The ALJ next found Plaintiff struggles with "break through anxiety," but had mental status examinations "within normal limits" between June 28, 2023 and June 2024. AR 14. The ALJ concluded these records "do not support the [limitations to] the extent … [Plaintiff] has alleged. *Id.*

Overall, the Court finds the ALJ's errors when reporting the record including, but not necessarily limited to, Plaintiff's trip to Tennessee to see (not care for) his father who was dying of cancer, and Plaintiff's goal (not ability) to walk and stand without pain for prolonged periods, together with the ALJ's failure to identify what specifically Plaintiff testified to that is either inconsistent with medical records or otherwise not worthy of credence, does not meet the specific, clear and convincing reasons for discounting Plaintiff's testimony. The ALJ does not dispute that Plaintiff is a 100% disabled veteran, with uncontrolled fibromyalgia and two forms of lupus who suffers flashbacks and "break through anxiety." While these conditions may or may not result in a finding that Plaintiff is disabled under the Social Security Act, the ALJ's findings are neither supported by citations to the record nor sufficiently specific to demonstrate to this reviewing Court that the ALJ did not "arbitrarily discredit" Plaintiff's subjective testimony.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 11) seeking an Order reversing the final decision of the Commissioner is GRANTED.

IT IS FURTHER ORDERED that this matter is remanded for further administrative proceedings concerning the ALJ's residual functional capacity finding consistent with this Order pursuant to sentence four of 42 U.S.C. 405(g).

IT IS FURTHER ORDERED that the Clerk of Court must close this case and enter judgment accordingly.

Dated this 29th day of April, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE